IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE BANK OF NASHVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:06-0775 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| MOHAMMAD SARMADI a/k/a MARK | ) |
| SARMADI; | ) |
| BRENTWOOD AUTO SALES, INC.; | ) |
| BRENTWOOD IMPORT AUTO CARE, | ) |
| INC.; | ) |
| DEBORAH T. NAVE; | ) |
| ANDREW BROWN CRUTCHER; and | ) |
| PEGGY CAMPBELL d/b/a PEGGY'S | ) |
| AUTO SALES, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Three Defendants in this action (Mark Sarmadi, Brentwood Import Auto Care, Inc., d/b/a Brentwood Auto Sales, and Deborah T. Nave) have filed an "Expedited Motion for Show Cause and for Sanctions Against Defendant, Andrew Brown Crutcher." Docket No. 44-1. Judge Trauger has referred the Motion to the undersigned. Docket No. 45. Defendants seek to have Mr. Crutcher appear to show cause why he should not be held in contempt for failing to appear for his deposition. Defendants further seek an award of sanctions against Mr. Crutcher for failing to appear at his deposition, and Defendants also seek an Order compelling Mr. Crutcher to appear for his deposition.

The undersigned will address the contempt issue in this Report and Recommendation and

will enter a separate Order concerning the Motion to Compel and for Sanctions.

The Motion essentially states that, on December 5, 2006, Defendants' counsel sent Mr. Crutcher a deposition notice, informing him to appear for a deposition on December 18, 2006, at 11:00 a.m. Defendants' counsel further states that, on December 14, 2006, he mailed Mr. Crutcher a letter reminding him of his deposition. Counsel mailed this letter as "a courtesy" to Mr. Crutcher, since Mr. Crutcher is not represented by counsel.

Mr. Crutcher failed to appear for his deposition. Defendants' counsel attempted to contact him by telephone and left several voicemail messages for him, apparently while they were waiting for Mr. Crutcher to appear for his deposition. Mr. Crutcher, however, did not respond to those messages.

The Motion further states in pertinent part:

> Counsel sent the notice to Mr. Crutcher's home address on Belmont Boulevard in Nashville, Tennessee. . . .Counsel believes that Mr. Crutcher has lived at that address for several years. He has been served with many other papers at that address, none of which have been returned for insufficient address or any other reason. It is also the address listed as Mr. Crutcher's address on the agreed judgment to which Mr. Crutcher was a party, and which was submitted to the Court on October 30, 2006. (Document 25-2).

Docket No. 44-1, p. 2.

Mr. Crutcher has not filed a Response to the Motion.

Initially, the Court notes that Defendants have not submitted a supporting Memorandum of Law, as required by Local Rule 7.01(a). While the Motion contains a section headed "FACTS and ARGUMENT," the Motion cites no rules, cases, or any other legal authority. For this reason alone, the Motion should be DENIED.

2

The contempt authority of United States Magistrate Judges is set forth in 28 U.S.C. § 636(e). Section 636(e)(1) states in pertinent part:

> A United States magistrate judge serving under this chapter shall have within the territory of jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

The only provision of subsection 636(e) applicable to this case is subsection (6) which provides in pertinent part as follows:

> **Certification of other contempts to the district court.** – Upon the commission of any such act –
>
> . . .
>
> (B) In any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where –
>
> . . .
>
> (ii) The act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>
> (iii) the act constitutes a civil contempt,
>
> The magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an Order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

Upon the record as it currently exists, the undersigned is unable to conclude that any acts that are the subject of the instant Motion constitute either a criminal contempt or a civil contempt. Therefore, the undersigned is unable to certify any facts supporting a finding of civil or criminal contempt under § 636(e)(6)(B).

3

In order to establish another's contempt, a moving party generally must prove by clear and convincing evidence that the other person violated a definite and specific prior Order of the Court requiring him to perform or refrain from performing a particular act or acts, with knowledge of that prior Order. *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). There is no indication in the record that Mr. Crutcher violated any Order of the Court.

Moreover, the Motion does not discuss whether Defendants seek to hold Mr. Crutcher in civil contempt or in criminal contempt. The Motion does not discuss the difference between civil contempt and criminal contempt, it does not discuss any Sixth Circuit authority whatsoever, and it does not recognize the provisions and requirements of Fed. R. Crim. P. 42 concerning criminal contempt.

The distinction between civil and criminal contempt is not merely an academic one. The United States Supreme Court has recognized that, "Although the procedural contours of the two forms of contempt are well-established, the distinguishing characteristics of civil versus criminal contempts are somewhat less clear." *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994). The *Bagwell* Court also stated, "Numerous scholars have criticized as unworkable the traditional distinction between civil and criminal contempt." *Id*. at n.3. If Defendants seek to hold Mr. Crutcher in contempt of court, the burden is upon them to explain their position in detail, with appropriate citations to controlling authorities from the Sixth Circuit Court of Appeals and/or the United States Supreme Court.

Finally, there is nothing in the record to indicate whether Mr. Crutcher ever received the deposition notice or the December 14, 2006, letter. Defendants' counsel apparently sent both of

4

these documents via regular mail, and not "Return Receipt Requested." Additionally, counsel appears to be somewhat unsure as to whether the address to which these documents were sent is correct. If it is not correct and/or Mr. Crutcher did not receive the deposition notice or the subsequent letter, he should not be held in contempt of court.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for the entry of an Order requiring Mr. Crutcher to appear and show cause why he should not be held in contempt should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge
5