IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE BANK OF NASHVILLE ) | |
| ) | |
| v. ) | No. 3:06-0775 |
| ) | Judge Trauger/Bryant |
| MOHAMMAD SARMADI, a/k/a Mark Sarmadi, ) | |
| et al. ) | |

To:   The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By order entered July 28, 2008 (Docket Entry No. 207), the pending Motion for Default Judgment Against Andrew B. Crutcher (Docket Entry No. 202) was referred to the undersigned for consideration. This motion was filed on behalf of defendants/cross-plaintiffs Mohammad Sarmadi, Brentwood Import Auto Care, Inc. d/b/a Brentwood Auto Sales, and Deborah T. Nave[1] (collectively, "the BAS parties"), seeking judgment by default on their crossclaim against their fellow defendant, Mr. Crutcher. (Docket Entry No. 68 at 34-48) On March 31, 2009, the undersigned entered an order directing Mr. Crutcher to show cause why the motion for default judgment should not be granted (Docket Entry No. 208). Mr. Crutcher failed to respond to the show cause order, and has never made any attempt to plead or otherwise defend against the BAS parties' crossclaim.

---

[1] The former Ms. Nave is referred to herein by her married name, Mrs. Deborah Sarmadi. See Docket Entry No. 68 at 3, ¶ 1.14.

1

On July 27, 2009, pursuant to the undersigned's direction, the Clerk entered Mr. Crutcher's default as to this crossclaim. (Docket Entry No. 212) Accordingly, the matter of default judgment is now ripe for consideration. For the reasons given below, the undersigned recommends that the BAS parties' motion for default judgment be GRANTED, and that judgment be entered against Mr. Crutcher in the amount of $592,412.86.

## II. Background

The BAS parties' crossclaim against Mr. Crutcher consists of three counts. The first two counts, claiming fraudulent or negligent misrepresentation and a violation of the Tennessee Consumer Protection Act ("TCPA"), respectively, allege the joint and several liability of Mr. Crutcher and his fellow cross-defendants, Ms. Peggy Campbell and Mr. Jerry Lee Poole. The third and final count of the BAS parties' crossclaim alleges liability solely against Mr. Crutcher, under Tenn. Code Ann. § 47-29-101, for his execution and delivery of dishonored checks. The well pleaded factual allegations in support of the crossclaim (Docket Entry No. 68 at 34-43, ¶¶ 2.1-2.27) are unrebutted, and are sufficient to establish Mr. Crutcher's liability for purposes of the default judgment sought here. See Hutton Construction, Inc. v. Northeast Florida Contractors, Inc., 2008 WL 2645547, at *11 (E.D. Tenn. June 30, 2008)(citing cases).

As to damages, the proof offered in support of the motion is limited to the identical affidavit testimony of Mr. and Mrs. Sarmadi, and the bank statements reflecting the dishonored checks drawn by Mr. Crutcher. (Docket Entry Nos. 205 & 206, and exhibits) These affidavits establish the following:

1. At times relevant to this lawsuit, [the Sarmadis were] manager[s] and owner[s]

of a car business which was operated under the name Brentwood Auto Sales, Inc ("BAS").  Part of the business involved the wholesale buying and selling of automobiles between dealers.  In order to operate the wholesale portion of the business, several wholesale used car salesmen were involved.  Andrew Brown Crutcher ("Mr. Crutcher") was one of those salesmen.

2. Mr. Crutcher wrote bad checks to BAS and its owners' family members to whom the owners were liable under fiduciary duties to indemnify for losses totaling $697,800.00.

3. Most of these checks were presented for payment at Community South Bank and dishonored for insufficient funds or improper endorsement and have never been honored or made good.  Documents from Community South Bank not honoring the checks are attached hereto as Collective Exhibit 1.

4. Stop payments were placed on several check totaling $406,200.00.  Therefore, Mr. Crutcher is liable to BAS for failing to pay the amounts represented by the remaining checks, in the amount of $291,600.00.

5. [The Sarmadis] jointly incurred legal fees and expenses of $300,812.86 in the defense and prosecution of claims made by and against The Bank of Nashville, Mr. Crutcher and Peggy's Auto Sales[,] all of which arose from fraudulent activities of Mr. Crutcher.  See, Affidavit of William B. Hawkins III.

(Docket Entry No. 206)

As referenced in the above testimony, the BAS parties' attorney, Mr. Hawkins, submitted his own affidavit establishing his firm's billing of total legal fees and expenses in the amount of $300,812.86, comprising 1,334.20 hours of work at hourly rates of $185.00 for Mr. Hawkins' services and $250.00 for the services of Mr. Kenneth R. Jones, Jr., plus expenses of $5,275.86.  (Docket Entry No. 204)  Mr. Hawkins testified that "[a]ll of the time and expenses were reasonable and necessary in the defense and prosecution of the claims brought against and by BAS parties which were a direct result of Mr. Crutcher's actions."  Id. at ¶ 2.

3

### III. Conclusions of Law

Judgment by default is appropriately sought here under Fed.R.Civ.P. 55(b)(2). Under that rule, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application...." Mr. Crutcher has made one appearance in this matter, for purposes of stipulating judgment in favor of The Bank of Nashville (Docket Entry Nos. 25-27). He was served with the BAS parties' motion for default judgment on July 25, 2008 (Docket Entry No. 202 at 3), at the business address where a copy of the crossclaim and summons had been served upon him (Docket Entry No. 199), and where the undersigned's show cause order was served by certified mail and signed for on April 2, 2009 (Docket Entry No. 209). Thus, the record reflects that, upon the entry of Mr. Crutcher's default (Docket Entry Nos. 211, 212), this motion for judgment is now ripe for adjudication.

The amount of the judgment sought is based upon the affidavits of Mr. and Mrs. Sarmadi and the exhibits thereto, as well as the affidavit of attorney Hawkins. These proofs establish the BAS parties' actual damages to be consistent with the face amounts of Mr. Crutcher's dishonored checks, less the amount of such checks for which stop payment orders were processed. The reports from Community South Bank in Columbia, Tennessee, document charges to the BAS wholesale account of $659,800.00, resulting from 21 bad checks written by Mr. Crutcher. There is an additional report from BancorpSouth in Brentwood, Tennessee, documenting a charge to the BAS operating account for payment of a dishonored check drawn by Mr. Crutcher in the amount of $38,000.00. In sum, the proof reflects $697,800.00 worth of bad checks written by Mr. Crutcher, with payment stopped on $406,200.00 worth of the drawn amounts. Thus, actual damages claimed by the BAS parties

are in the amount of $291,600.00. (Docket Entry Nos. 205 & 206, ¶ 4) The BAS parties seek to have this amount trebled, to $874,800.00, pursuant to the provisions of the TCPA, and to include in their award $300,812.86 worth of attorneys' fees, bringing the sum total of the judgment sought to $1,175,612.86. While there are grounds for including the requested fee award in the judgment, the undersigned cannot find justification for awarding treble damages on this record.

While the BAS parties have pled their right to recover against Mr. Crutcher based on what they allege to be his fraudulent, reckless, or negligent misrepresentations under common law, as well as his deceptive business practice under the TCPA, their proof as to damages is limited to those losses suffered as a direct result of the dishonoring of Mr. Crutcher's checks for which payment was unable to be stopped, in addition to their attorneys' fees occasioned by the dishonoring of those checks. This request for judgment in a sum calculated from the face amount of the dishonored checks, plus reasonable attorneys' fees, is contemplated by Tenn. Code Ann. §47-29-101(a), the statutory provision named as grounds for the third count of the BAS parties' crossclaim (the count leveled solely against Mr. Crutcher). While the motion for default judgment also seeks to have actual damages trebled pursuant to what is alleged to be a willful or knowing violation of the TCPA, § 47-18-109(a)(3), no corresponding proof is submitted in support of this count of the crossclaim. Rather, the presentation of this case is much like the case before the district court in <u>Hutton Construction, Inc. v. Northeast Florida Contractors, Inc.</u>, <u>supra</u>:

> Plaintiff asserts as the result of Defendant's violation of the TCPA, it is entitled to recover: (1) its ascertainable loss of money stemming from Defendant's deceptive act or practice; (2) reasonable attorneys' fees and costs; and (3) treble its actual damages. At the hearing, however, Plaintiff did not submit any

5

> evidence of any additional ascertainable loss of money or attorneys' fees and
> costs stemming from Defendant's alleged deceptive act or practice under the
> TCPA, beyond the actual damages and attorneys' fees it also seeks to recover
> from the Defendant pursuant to its claims for breach of contract in its
> complaint. Nor does Plaintiff make allegations of any additional loss of money
> or attorneys' fees and costs stemming from Defendant's alleged deceptive act
> or practice beyond the actual damages and attorneys' fees it seeks from
> Defendant on its claims of breach of contract. Thus, Plaintiff's claim(s) under
> the TCPA, is essentially a claim for treble its actual damages under Tenn. Code
> Ann. § 47-18-109(a)(3), as Plaintiff will recover the identical actual damages
> and attorneys' fees from Defendant on its breach of contract claims.

2008 WL 2645547, at *11. In the case at bar, the BAS parties' crossclaim *does* include allegations of other damages attributable to the alleged fraud (Docket Entry No. 68 at 43, ¶ 2.27), but their proof is solely addressed to the losses suffered on the dishonored checks, and their papers merely recite that they request such damages be trebled pursuant to their claim under the TCPA. The applicable provisions of the TCPA are as follows:

> (3) If the court finds that the use or employment of the unfair or deceptive act
> or practice was a willful or knowing violation of this part, the court may
> award three (3) times the actual damages sustained and may provide such
> other relief as it considers necessary and proper.
>
> (4) In determining whether treble damages should be awarded, the trial court
> may consider, among other things:
>     (A) The competence of the consumer or other person;
>     (B) The nature of the deception or coercion practiced upon the
> consumer or other person;
>     (C) The damage to the consumer or other person; and
>     (D) The good faith of the person found to have violated the provisions
> of this part.

Tenn. Code Ann. § 47-18-109.

The allegations of the crossclaim, even though unrebutted, are not sufficient in the undersigned's view to sustain a recovery of treble damages under the TCPA. In essence,

Case 3:06-cv-00775   Document 216   Filed 08/11/09   Page 6 of 8 PageID #: 2103

those allegations describe a relationship between the parties wherein a series of unsecured cash advances was made upon request to Mr. Crutcher, for the stated purpose of purchasing vehicles for resale to used car dealers, a purpose which was revealed to be false only after the BAS parties had profited by the collection of between 100 and 300 dollars of "interest" on each such advance repaid by Mr. Crutcher over an eight-month period, with the BAS parties most often collecting such repayment at the same time as the advance was made, in a daily check swap. (Docket Entry No. 68 at 36-38, ¶¶ 2.10-2.13) However, outside of their loss of monies advanced between February 8 and February 12, 2006, and not repaid, id. at 41, ¶ 2.20, there is no proof of any harm to the BAS parties caused by this deception. The deception is alleged under the law of misrepresentation to have been perpetrated "knowingly and with fraudulent intent or in reckless disregard for the truth," and is alternatively alleged as negligent misrepresentation (Docket Entry No. 66 at 44). However, even if it were assumed, as alleged, that the TCPA applied to the relationship between these parties, that a violation of the TCPA's catch-all provision, § 47-18-104(b)(27), could be deemed established from the pleadings and proof of record, and that the violation could be found "willful or knowing" for purposes of the Act's treble damages provision, the undersigned would not be inclined to make the discretionary award of treble damages, given that both parties appear to be knowledgeable members of the wholesale automobile industry, and given the fact that the proof evidences harm caused primarily by the fact of Mr. Crutcher's checks being dishonored, and only secondarily by the deception itself.

       In sum, the undersigned finds Mr. Crutcher's liability to the BAS parties established under Tenn. Code Ann. § 47-29-101, pursuant to the third count of their crossclaim and upon their proof of dishonored checks totaling $291,600.00, and reasonable

7

attorneys' fees and costs totaling $300,812.86. The undersigned does not find sufficient proof to support an award of treble damages under the TCPA. Accordingly, the undersigned concludes that the BAS parties are entitled to judgment on their crossclaim against Mr. Crutcher in the amount of $592,412.86.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the BAS parties' motion for default judgment be GRANTED, and that judgment be entered against Mr. Crutcher in the amount of $592,412.86.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 11th day of August, 2009.

                                                    s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE