IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE BANK OF NASHVILLE ) | |
| ) | |
| v. ) | No. 3:06-0775 |
| ) | Judge Trauger/Bryant |
| MOHAMMAD SARMADI, a/k/a Mark Sarmadi, ) | |
| et al. ) | |

To:   The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

### I. Introduction

By order entered August 12, 2009 (Docket Entry No. 217), the pending Second Motion for Default Judgment as to Andrew Brown Crutcher (Docket Entry No. 195) was referred to the undersigned for prompt consideration. This motion was filed on behalf of defendant/cross-plaintiff Peggy Campbell, seeking judgment by default on her crossclaim against her fellow defendant, Mr. Crutcher (Docket Entry No. 50 at 7-10), as amended (Docket Entry No. 169). Mr. Crutcher has entirely failed to plead or otherwise respond to this crossclaim against him, and his default has been duly entered by the Clerk, pursuant to Fed.R.Civ.P. 55(a). (Docket Entry No. 189)

As explained below, the undersigned now recommends that Ms. Campbell's Second Motion for Default Judgment be GRANTED, and that judgment be entered against Mr. Crutcher in the amount of $761,270.93.

1

## II. Background

Ms. Campbell has crossclaimed against Mr. Crutcher for his breach of the Independent Contractor Agreement between them, occasioned by (1) his fraudulent execution and delivery to Peggy's Auto Sales of 13 checks which were dishonored for insufficient funds on account at the bank upon which they were drawn; (2) his fraudulent dealings with The Bank of Nashville and Brentwood Auto Sales, Inc., as an agent of Peggy's Auto Sales; and (3) his fraudulent conversion of the proceeds from sales of certain automobiles owned by Peggy's Auto Sales. The unrebutted allegations of Ms. Campbell's amended crossclaim (Docket Entry No. 169) are sufficient to establish Mr. Crutcher's liability for purposes of the default judgment sought here. See Hutton Construction, Inc. v. Northeast Florida Contractors, Inc., 2008 WL 2645547, at *11 (E.D. Tenn. June 30, 2008)(citing cases).

Ms. Campbell claims damages pursuant to Tenn. Code Ann. § 47-29-101, the state statute applicable upon a finding of liability for dishonored checks, and pursuant to the indemnification provisions of the Independent Contractor Agreement. In addition to the allegations of her amended crossclaim, Ms. Campbell has submitted an affidavit in support of her motion for default judgment, as proof of the following particulars:

> 1. At all times relevant to this lawsuit I owned a used car business which I operated as a sole proprietor under the name Peggy's Auto Sales. Part of my used car business involved the wholesale buying and selling of automobiles between dealers. In order to operate the wholesale portion of my business I contracted with several wholesale used car salesmen, as independent contractors, who were licensed through Peggy's Auto Sales as required by the Tennessee Motor Vehicle Commission. One of those salesmen was Andrew Brown Crutcher. During the month of February, 2006, Andrew Brown Crutcher issued the following checks to Peggy's Auto Sales, my sole proprietorship: [identifying 13 checks in face amounts totaling $280,923.00].

2. Copies of these checks are attached as Collective Exhibit 1 to my amended [cross]claim against Mr. Crutcher (Docket Entry No. 169).

3. All of the checks listed in paragraph 1 were presented for payment at either the Bank of Nashville or Bancorp South where they were dishonored for insufficient funds and have never been honored or made good.

4. The above-referenced checks were issued by Andrew Brown Crutcher to me through Peggy's Auto Sales for automobiles purchased by Peggy's Auto Sales which were to be resold by Andrew Brown Crutcher pursuant to our independent contractor agreement. A copy of the written Independent Contractor Agreement between Andrew Brown Crutcher and Peggy's Auto Sales is attached as Exhibit 2 to the Amended [Cross]Claim (Docket Entry No. 169).

5. Andrew Brown Crutcher is liable to Peggy's Auto Sales, and me, for breach of contract for failing to pay the amounts represented by the checks listed in paragraph 1 of the cross complaint above.

6. Section 1 of the Independent Contractor Agreement between Peggy's Auto Sales and Crutcher requires Crutcher to be responsible for any liability resulting from his acts, omissions or negligence and requires Crutcher to indemnify and hold Peggy's Auto Sales harmless for any claims, losses or expenses for which Peggy's Auto Sales may be deemed liable, including reasonable attorney's fees incurred as a result of defending said claims, losses or expenses, or incurred as a result of Peggy's Auto Sales' collection efforts.

7. Section 8 of the Independent Contractor Agreement between Peggy's Auto Sales and Crutcher requires Crutcher to pay Peggy's Auto Sales any damages, losses and expenses, including attorney fees, it has suffered as a result of and arising from the activities of Crutcher.

8. I paid $250,000.00 to The Bank of Nashville to settle the claims made against me d/b/a Peggy's Auto Sales in this action in which it was alleged that I was the principal or employer of Andrew Brown Crutcher, and that I was vicariously liable for damages caused by fraudulent activities of Andrew Brown Crutcher while he was acting as my agent or employee.

9. I incurred legal fees and expenses of $95,347.93 in the defense of the

claims made by The Bank of Nashville and the Brentwood Auto Sales defendants, all of which arose from fraudulent activities of Andrew Brown Crutcher, as more fully set out in the pleadings filed by The Bank of Nashville and the Brentwood Auto Sales defendants in this action.

    10.    I am entitled to be indemnified by Andrew Brown Crutcher for the $250,000.00 paid to the Bank of Nashville to settle these claims and I am entitled to be indemnified by Crutcher for all damages and expenses incurred by me as a result of this fraudulent activity by him, including my attorney fees and expenses of [$95,347.93].

    11.    In February, 2006, Andrew Brown Crutcher had possession of certain automobiles purchased and owned by me, d/b/a Peggy's Auto Sales and which were held for resale. Crutcher sold those vehicles to third parties and then fraudulently failed to pay the amounts he received from those third parties to me and converted the amounts paid to him for those automobiles. The automobiles sold by Crutcher for which he fraudulently converted the purchase price had a value of $135,000.00. Therefore, Crutcher's fraudulent conversion of the purchase price paid for these automobiles caused me to incur damages of $135,000. The actions of Crutcher in regard to these automobiles also breached his contract with me d/b/a Peggy's Auto Sales.

    12.    Based on the facts set out above and the entire file in this action I am asking for judgment against Andrew Brown Crutcher for $761,270.93. This amount is based on damages I suffered as a result of dishonored/bad checks fraudulently written by Crutcher to Peggy's Auto Sales in the amount of $280,923, to indemnify me for $250,000.00 I paid to settle the claims brought against me which were caused by the fraudulent activities of Crutcher, for $135,000 for the loss of automobiles held by Crutcher which were fraudulently converted by Crutcher and for $95,347.93 in attorney fees and expenses I incurred in the defense of the claims brought against me due to the fraudulent and wrongful conduct of Andrew Brown Crutcher.

(Docket Entry No. 196)

### III. Conclusions of Law

    Judgment by default is appropriately sought here under Fed.R.Civ.P. 55(b)(2).

Under that rule, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application...." Mr. Crutcher has made one appearance in this matter, for purposes of stipulating judgment in favor of The Bank of Nashville (Docket Entry Nos. 25-27). The record reflects counsel's certification that Ms. Campbell's first motion for default judgment was served upon Mr. Crutcher by First Class Mail, at the residential address where her amended crossclaim had been mailed and not returned the previous month. (Docket Entry No. 179) Accordingly, upon the entry of Mr. Crutcher's default (Docket Entry No. 189), the Second Motion for Default Judgment became ripe for adjudication.

The undersigned finds Mr. Crutcher's liability for his fraudulent activities, in breach of his contractual duties to Ms. Campbell d/b/a Peggy's Auto Sales, to be duly established upon the uncontradicted proof in support of this motion. Under the terms of the Independent Contractor Agreement ("the Agreement"), Mr. Crutcher's appointment as a salesperson for Peggy's Auto Sales required him to undertake responsibility for repayment to Peggy's Auto Sales of the resale purchase price of the vehicles inventoried to Mr. Crutcher, in the event that the purchaser does not make payment to Peggy's Auto Sales. (Docket Entry No. 169, Exh. 2, ¶ 1) There is no dispute that Mr. Crutcher, in violation of the Agreement, failed to repay Peggy's Auto Sales for certain vehicles in his inventory which he resold, and which were valued at $135,000.00.

In addition to its terms pertaining to the resale of inventory, the Agreement further provides as follows:

> Salesperson shall be responsible for any liability resulting from the acts, omissions or negligence of Salesperson. Salesperson shall indemnify and hold Company harmless for any claims, losses or expenses for which Company shall

> be deemed legally liable including reasonable attorney fees whether incurred as a result of defending said claims, losses or expenses, or incurred as a result of a Company's collection efforts. Salesperson is responsible for the collection of funds for sold vehicles.
>
> * * *
>
> In the event of a breach of this or any other agreements pursuant to Salesperson's engagement, Salesperson agrees that Company may, at Company's sole option, terminate this agreement and/or require Salesperson to pay the Company any damage, losses and expenses as provided by law, including, but not limited to, its reasonable attorney fees suffered by the Company as a result of and arising from the activities of Salesperson. ...

Id. at ¶¶ 1, 8. These indemnity provisions provide grounds for awarding as damages the $250,000.00 paid in settlement of the claims against Peggy's Auto Sales, as well as the losses incurred when Mr. Crutcher's checks were dishonored and not thereafter made good, and all reasonable, associated attorneys' fees and expenses.

Moreover, section 47-29-101 of the Tennessee Code allows for an award of damages determinable by, *inter alia*, the face amount of any checks dishonored and the reasonable attorney fees incurred by the holder, upon a finding of liability for fraudulently allowing the checks to be dishonored by the bank because of insufficient funds. Tenn. Code Ann. § 47-29-101(a)(1), (5). Exhibit 1 to Ms. Campbell's Amended Crossclaim (Docket Entry No. 169) contains photocopies of the dishonored checks, returned on account of insufficient funds, in face amounts totaling $280,923.00.

The affidavits of Michael M. Castellarin and Irene R. Haude (Docket Entry Nos. 197 & 198) are proof of the legal fees billed to Ms. Campbell d/b/a Peggy's Auto Sales, at the reasonable hourly rates described therein, and their necessity for purposes of defending and prosecuting the claims arising from Mr. Crutcher's wrongdoing.

6

The undersigned finds that the foregoing contractual and statutory grounds for the claims against Mr. Crutcher, combined with the proof of damages offered in support of Ms. Campbell's motion for default judgment, justify the award requested therein of $761,270.93, comprising $280,923.00 worth of dishonored checks, $250,000.00 paid in settlement of claims based on Mr. Crutcher's actions, $135,000.00 in converted proceeds from the resale of vehicles in his inventory, and $95,347.93 in reasonable attorneys' fees and expenses.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that Ms. Campbell's Second Motion for Default Judgment (Docket Entry No. 195) be GRANTED, and that judgment be entered against Mr. Crutcher in the amount of $761,270.93.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 18th day of August, 2009.

        s/ John S. Bryant
        JOHN S. BRYANT
        UNITED STATES MAGISTRATE JUDGE

7

Case 3:06-cv-00775   Document 221   Filed 08/18/09   Page 7 of 7 PageID #: 2119